IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE BELZER,  )
                                 )   2:06-cv-2884-GEB-GGH
            Plaintiff, )
                                 )
   v.                            )   <u>ORDER</u>*
                                 )
AMERICAN AIRLINES, et al.,     )
                                 )
           Defendants. )
_____)

Plaintiff moves for a preliminary injunction. Defendant American Airlines ("Defendant") opposes this motion.

<u>BACKGROUND</u>

Plaintiff was employed by Defendant as a senior pilot from May 22, 1986 through December 1, 2006. (Belzer Decl. ¶ 2.) On August 31, 2006, "Plaintiff submitted an Early Retirement Form ("Form") [in which] he elected a Benefit Commencement Date of December 1, 2006." (Houston Decl. Ex. A at 1.) The Form states "I also understand . . . that a new [Form] must be completed to change my Benefit Commencement Date." (<u>Id.</u> at 2.) Shortly after December 1, 2006, Plaintiff learned

---

      * This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  that Defendant listed his employment status as "retired." (Belzer
2  Decl. ¶ 2.) However, Plaintiff asserts after submitting the Form, he
3  changed his mind and wrote a letter to Defendant stating he was "not
4  going to renew [his] early election of retirement form" and that he
5  called Defendant and orally advised a staff assistant that he was
6  revoking his early election. (Pl.'s Reply at 4.) Plaintiff asserts
7  Defendant has a common practice of allowing employees to change their
8  early retirement status in this manner.[1] (Id. at 3.) Since Plaintiff
9  has not benefitted from this practice he contends his retirement was
10 involuntary. (Id. at 3-4.) Therefore, he commenced this action in
11 which he alleges (1) breach of contract; (2) wrongful discharge in
12 violation of public policy; (3) breach of the covenant of good faith
13 and fair dealing; (4) disability discrimination; (5) retaliation; (6)
14 libel; (7) slander; and (8) age discrimination. (Pl.'s Compl. at 1.)
15 Defendant contends "[t]hese claims all hinge on Plaintiff's allegation
16 that [Defendant] involuntarily terminated his employment in violation
17 of some legal obligation." (Def.'s Opp'n at 7-8.)

                                DISCUSSION

19      Plaintiff argues since his "'retirement' was without [his]
20 knowledge or consent" he is entitled to a preliminary injunction
21 "enjoin[ing] the parties from changing the status quo (one of full
22 employment and benefits) until the question of termination of
23 employment or 'retirement' can be fairly heard and determined."
24 (Pl.'s Mem. of P. & A. at 3.) Defendant responds that since Plaintiff
25 has not shown any of his claims have merit or that he will suffer

---

[1] Plaintiff did not mention his attempts to be reemployed or Defendant's reemployment practice until he filed a Reply on February 15, 2007, two days after the Reply was due under Local Rule 78-230(d).

irreparable harm absent an injunction he is not entitled to a preliminary injunction. (Def.'s Opp'n at 7.)

"To obtain a preliminary injunction, [Plaintiff is] required to demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." Walczak v. EPL Prolong, Inc., 198 F.3d 725, 730-31 (9th Cir. 1999). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Under any formulation of the test, [P]laintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

I.   Irreparable Harm

Defendant argues that even if Plaintiff were able to show a likelihood of success on the merits, Plaintiff's motion should be denied because "Plaintiff's lost wages and benefits are insufficient to warrant his immediate reinstatement - Plaintiff will be able to recover money damages to compensate him for lost wages and out-of-pocket expenses paid for healthcare if he succeeds in his suit." (Def.'s Opp'n at 13.) Plaintiff argues the "harm that is being forced upon [him] on a daily basis is irreparable" because he is suffering trauma as a result of his lost wages and health benefits. (Pl.'s Reply at 5-6.)

1   "[T]he basis of injunctive relief in the federal courts has
2 always been irreparable harm and inadequacy of legal remedies."
3 Sampson v. Murray, 415 U.S. 61, 88 (1974).  "[T]he temporary loss of
4 income, ultimately to be recovered [if Plaintiff prevails at trial],
5 does not usually constitute irreparable injury." Id. at 90.  "Mere
6 injuries, however substantial, in terms of money, time and energy
7 necessarily expended in the absence of a stay, are not enough." Id.
8 Even "an insufficiency of savings or difficulties in immediately
9 obtaining other employment . . . will not support a finding of
10 irreparable injury, however severely they may affect a particular
11 individual." Id. at 92 n.68.
12   Plaintiff has not shown that money damages and recovering
13 back pay for the loss of his job are inadequate remedies to redress
14 his situation if he prevails at trial.  See Stanley v. Univ. of S.
15 Cal., 13 F.3d 1313, 1319-1320 (9th Cir. 1994) (stating money damages
16 and back pay is an adequate remedy for loss of employment).  In
17 addition, the loss of health benefits does not ordinarily constitute
18 irreparable harm.  See Commc'ns Workers of Am. v. Verizon Commc'ns,
19 Inc., 255 F. Supp. 2d 479, 485-486 (E.D. Pa. 2003) (denying motion for
20 a preliminary injunction because "full reimbursement to the affected
21 employees of any out-of-pocket medical expenses and/or health
22 insurance premiums which they may incur" would be available if
23 plaintiffs prevailed at trial).  Therefore, Plaintiff has not met his
24 burden of showing "truly extraordinary circumstances" warranting a
25 finding of irreparable harm.  Without showing irreparable harm,
26 Plaintiff is not entitled to a preliminary injunction.
27
28

II. Success on the Merits

In addition, Defendant asserts Plaintiff has not shown a likelihood of success on the merits or serious questions going to the merits since Plaintiff elected an early retirement. (Def.'s Opp'n at 4.) Plaintiff rejoins that Defendant has "a common practice of allowing pilots to revoke their [Form], either orally or in writing" and that Plaintiff revoked his Form. (Pl.'s Reply at 3-4.)

Although Plaintiff has raised questions whether his retirement was involuntary, he has not shown a likelihood of success on the merits because his contract claims are likely preempted and he does not appear to have exhausted applicable administrative remedies.

A. Contract Claims

Defendant argues Plaintiff has not shown a likelihood of success on the merits of his two contract claims because the governing employment contract was a collective bargaining agreement and "when employees of an air carrier subject to a collective bargaining agreement pursue claims for breach of contract and breach of the implied covenant of good faith and fair dealing against their employers, those claims are preempted by the federal Railway Labor Act." (Def.'s Opp'n at 9.) Plaintiff does not respond to this argument.

When an employment contract is covered by a collective bargaining agreement the "only contractual remedies lie in the grievance procedures set forth under the [collective bargaining agreement]" because "contractual claims are preempted by the [Railway Labor Act]." Espinal v. Nw. Airlines, 90 F.3d 1452, 1459 (9th Cir. 1996). Since Plaintiff has not shown his claims are not preempted,

1 | Plaintiff has not established a likelihood of success on the merits of
2 | his contract claims.

### B. Libel/Slander

Defendant argues that even if Plaintiff could succeed on his claims of libel or slander, that would not support his argument for reinstatement to full employment. (Def.'s Opp'n at 7 n.5.) Plaintiff does not respond to this argument, and presents no evidence showing a likelihood of success on his libel or slander claim.

### C. Remaining Claims

Defendant also argues Plaintiff cannot succeed on the merits of his claims because he has not exhausted the applicable administrative remedies under the Employee Retirement Income Security Act ("ERISA") or the Fair Employment and Housing Act ("FEHA"). (Def.'s Opp'n at 8, 9.) Plaintiff does not respond to this argument. Defendant contends that all of Plaintiff's claims are subject to ERISA because they relate to his contention that he was involuntarily retired. (Def.'s Opp'n at 8.) Plaintiff's claims for disability discrimination, retaliation, and age discrimination are alleged under FEHA. (Pl.'s Compl. ¶¶ 35, 38, 44.)

"[T]he general rule governing ERISA claims [is] that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." Diaz v. United Agric. Employee Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483 (9th Cir. 1995). Exhausting administrative remedies is a prerequisite to bringing a lawsuit under FEHA as well. See Miller v. United Airlines, Inc., 174 Cal. App. 3d 878, 890 (1985) (stating plaintiff "could not maintain a civil action alleging violations of the FEHA until after she had exhausted her administrative remedies pursuant to the FEHA.").

Plaintiff has made no showing that he exhausted his administrative remedies under either ERISA or FEHA. Nor has Plaintiff shown his claims are not subject to the exhaustion of remedies requirement of ERISA and FEHA. Therefore, Plaintiff has not shown a likelihood of success or serious questions going to the merits of his claims.

## Conclusion

For the stated reasons, Plaintiff has not shown he has a likelihood of success on the merits or that he will suffer irreparable harm in the absence of a preliminary injunction. Therefore, Plaintiff's motion is denied.

IT IS SO ORDERED.

Dated:   March 5, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge